# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHN G. BAKER,
Brigadier General, United States Marine Corps

    Petitioner,

    v.

VANCE SPATH
Colonel, United States Air Force, *et al.*

    Respondents.

Civil Action No. 17-CV-2311 (RCL)

## RESPONDENTS' STATUS UPDATE REGARDING MATTERS RAISED AT NOVEMBER 2, 2017 HEARING AND OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

On November 2, 2017, Petitioner BG John G. Baker filed a petition for writ of habeas corpus along with a supporting memorandum and a request for expedited emergency consideration. *See* ECF No. 1-2. Undersigned counsel for Respondents obtained a copy of Petitioner's filings at approximately 12 p.m. on November 2[1] and, in accordance with the Court's Minute Order, appeared for a hearing on the petition at 5 p.m. that same day. In light of the expedited nature of the proceedings in this case, Respondents were not in a position to submit a written response prior to the hearing. Although Respondents recognize that the Court took this matter under submission at the conclusion of the hearing and stated its intent to issue a decision at the hearing scheduled for November 3 at 2 p.m., Respondents respectfully request the opportunity to provide the Court with a concise written statement of Respondents' position along with the

---

[1] To Undersigned Counsel's knowledge, the Petition has yet to be served on the United States Attorney as required by Federal Rule of Civil Procedure 4(i)(1)(A)(i).

1

additional, updated information the Court requested, and Respondents have obtained, since the conclusion of the November 2 hearing regarding the status of the ongoing review by the Convening Authority of the military commission judge's decision finding Petitioner in contempt of court.

By way of update, the Convening Authority review process set forth in Rules for Military Commission (R.M.C.) 809, 1106, and 1107 is currently underway.  In accordance with Rule 1106, the Legal Advisor to the Convening Authority has prepared a recommendation as to the action to be taken by the Convening Authority and that recommendation was served on Petitioner on the evening of November 2.  Rule 1106 permits Petitioner to respond to the Legal Advisor's recommendation by submitting written "corrections or rebuttal to any matter in the recommendation" that Petitioner believes "to be erroneous, adequate, or misleading, and [Petitioner] may comment on any other matter."  R.M.C. 1106(e)(4).  Following Petitioner's review and comment, the Legal Advisor will finalize his recommendation and provide it, along with a record of the contempt proceeding, to the Convening Authority for prompt action.  *See* R.M.C. 809(d); 1106(a).

The Department of Defense has advised that the Convening Authority's review in this instance includes both the sentence and finding of contempt.  *See* R.M.C. 809(d); 1107(c).  Although Rule 809(d) provides that the "Convening Authority may approve or disapprove all or part of the sentence," other Rules allow for a broader review by the Convening Authority.  Indeed, Rule 1107(c) provides that the "Convening Authority may, in the Convening Authority's sole discretion: [c]hange a finding of guilty . . . [or] [s]et aside any finding of guilty."  Here, the Convening Authority has elected to review both the sentence imposed on Petitioner, as well as the military commission judge's finding of contempt, for legal error.

While this review process is ongoing, Petitioner has the right under the Rules for Military Commission to seek from the Convening Authority deferment of his sentence to confinement. *See* R.M.C. 809(e); 1101(c). "A sentence of confinement pursuant to a finding of contempt shall begin to run when it is adjudged unless deferred, suspended, or disapproved by the convening authority." R.M.C. 809(e). *Id.* Petitioner, however, has not submitted a request for deferment to the Convening Authority.

As explained in the November 2 hearing, Respondents' position is that the Court should abstain and otherwise decline to exercise habeas jurisdiction in light of the review process discussed above. To reiterate the points raised by Respondents at the November 2 hearing, as well as other relevant matters:

First, Petitioner was properly held in contempt, including for his actions undertaken in the presence of the military judge. Under 10 U.S.C. § 950t(31) concerning "offenses triable by military commission," a "military commission under this chapter may punish for contempt any person who uses any menacing word, sign, or gesture in its presence, or who disturbs its proceedings by any riot or disorder."

Contrary to Petitioner's argument, the phrase "[a]ny person" as used in § 950t(31) is not equivalent to the phrase "[a]ny person subject to this chapter," which 10 U.S.C. § 948c (Persons Subject to Military Commissions) defines as "alien unprivileged enemy belligerents." Although § 950t(1)-(30) define offenses in terms of those for which "[a]ny person subject to this chapter," may be tried, § 950t(31) permits "any person" to be "punish[ed] for contempt."

Furthermore, the military judge's exercise of contempt power was authorized under the Military Commissions Act and the Rules for Military Commissions. The reference to "military commission" in the Act and the Rules, including in R.M.C. 809 which sets out certain procedures

concerning the commission's exercise of contempt power granted in § 950t(31), *see* R.M.C. 809(a), does not limit the military judge's ability to find a person has committed the offense of contempt. R.M.C. 501(a)(2) concerning the composition of a military commission provides, in pertinent part, that "a capital military commission shall consist of a military judge and not less than twelve primary members." Further, the definition section of the Rules for Military Commissions defines a "military commission" to include: "(A) The military judge and members of a military commission; or (B) The military judge when a session of a military commission is conducted without members under R.M.C. 803." *See* R.M.C. 103(a)(21)

In light of this authority, there is no basis for Petitioner's argument that the term "military commission" as used in R.M.C. 809 excludes the military commission judge. Indeed, R.M.C. 801(b) expressly provides that "*The military judge* may… (2) Subject to R.M.C. 809, exercise contempt power." (emphasis added). Further, R.M.C. 809(c) states: "The military judge shall in all cases determine whether to punish for contempt and, if so, what the punishment shall be…." Thus, the reference to "military commission" in R.M.C. 809 includes the military judge, acting in the absence of the other "members" who would eventually be seated in the commission proceeding. *See also* 10 U.S.C. § 949d(a), which provides:

> Sessions Without Presence of Members.—
> (1) At any time after the service of charges which have been referred for trial by military commission under this chapter, the military judge may call the military commission into session without the presence of the members for the purpose of—
> . . .
> (B) hearing and ruling upon any matter which may be ruled upon by the military judge under this chapter, whether or not the matter is appropriate for later consideration or decision by the members . . . .

Accordingly, a military judge may exercise contempt power without the presence of the members as was done in this matter.[2]

Here, the military judge conducted a summary disposition proceeding under R.M.C. 809(b)(1) for a contempt directly witnessed by the judge, including Petitioner's refusal to obey the military judge's direct order to testify, a refusal that the military judge characterized as "disorders that disturbed these proceedings significantly" warranting a finding of contempt under § 950t(31). *See* Unofficial / Unauthenticated Transcript of Proceedings (Nov. 1, 2017) at 10060-64.[3] The military judge's exercise of his contempt authority in this context is consistent with long-standing judicial authority that dates back to the founding of this Nation. *See Ex parte*

---

[2] Petitioner also argues that in 2011 Congress amended the contempt provision of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 848, to prohibit military commission judges from exercising general contempt power. *See* Pet'r's Mem. at 13. Petitioner greatly overstates the meaning of this amendment. The law that Congress passed in 2011 (Ike Skelton National Defense Authorization Act, Pub. L. No. 111-383, § 542, 124 Stat. 4137) was merely a reaffirmation of the same provision that Congress included in the Military Commissions Act of 2006 ("2006 MCA"), Pub. L. No. 109-366 (Oct. 17, 2016), the original statute that created the current military commission and related process. Section 4 of the 2006 MCA contained a number of conforming amendments to make clear that the newly-enacted statute governing military commissions would not automatically employ or be bound by certain rules governing courts-martial. Accordingly, Congress excluded the application of various provisions of the UCMJ from the 2006 MCA, including the contempt provision (section 848), where those specific subjects were otherwise addressed in the 2006 MCA. *See id.* ("Sections 821, 828, 848, 850(a), 904, and 906 (articles 21, 28, 48, 50(a), 104, and 106) are amended by adding at the end the following new sentence: 'This section does not apply to a military commission established under chapter 47A of this title.'"). Thus, contrary to Petitioner's argument, the 2011 amendment added nothing new to the law as it had already existed since 2006 and did not change anything with respect to the contempt authority of military commission judges under the MCA. Rather, the purpose of the 2011 amendment was simply to amend the contempt rules for UCMJ proceedings, specifically to raise the contempt fine to $1000 from $100, add additional conduct punishable by contempt in UCMJ proceedings, and expand the contempt authority to the military appellate courts and the Court of Appeals for the Armed Forces. *See* Pub. L. No. 111-383, § 542. Accordingly, there is no basis to conclude that Congress, in passing an amendment entitled "Enhanced Authority to Punish Contempt in Military Justice Proceedings," intended to strip military commission judges of their contempt authority. *Id.*

[3] For the Court's convenience, the transcript of proceedings conducted on October 31 and November 1 is attached as Exhibits 1 and 2.

*Robinson*, 86 U.S. (19 Wall) 505, 510 (1873) ("The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice.  The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power.").  The consequence of Petitioner's argument here, that military commission judges have no power to summarily find the persons appearing before them in contempt, would render military commission judges powerless to ensure order in the courtroom or to control uncooperative attorneys or witnesses.  The absence of such contempt power could lead to chaos and disruptions in the courtroom without any way for the military commission judges to immediately control such disruptive activity.  Both common sense and over 200 years of precedent do not support Petitioner's view.

Petitioner's remedies with respect to the military judge's action finding Petitioner in contempt and sentencing him, properly lie within the military commission process—first, with the Convening Authority, as discussed above, and then through review in the United States Court of Military Commission Review and the D.C. Circuit, through mandamus, if not direct appeal.  *See supra*; *see also* 10 U.S.C. § 950c (providing for appellate review of final decisions of military commission including findings of guilty with respect to offenses).  Further, to avoid implementation of his sentence pending such review, Petitioner has the option of seeking deferment of his confinement, which he has not done.  *See supra*: R.M.C. 1101(c).

In light of potential alternative ways in which Petitioner could seek relief, this Court should abstain from exercising habeas jurisdiction over this matter.  In *In re Al-Nashiri*, 835 F.3d 110 (D.C. Cir. 2016), the D.C. Circuit held that abstention principles apply with full force to

habeas challenges to military commission proceedings under the MCA. The court explained that abstention is warranted because the MCA and the Rules for Military Commissions provide sufficient process and because important interests are served by allowing that process to proceed uninterrupted. That conclusion would be particularly appropriate here, where the Convening Authority's review is currently ongoing and where allowing the military commission process to go forward serves the important interest in enabling the military commission to control the proceedings before it. *See also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("[h]abeas corpus is governed by equitable principles"; habeas court "is not bound in every case to issue the writ" but must determine in a case whether the power of habeas corpus "ought to be exercised").

Indeed, as relevant here, the Supreme Court has recognized that traditional abstention "principles apply to a case in which the . . . contempt process is involved." *Juidice v. Vail*, 430 U.S. 327, 335 (1977) ("we think the salient fact is that federal-court interference with the State's contempt process is an offense to the State's interest" and concluding that a federal district court should have abstained from hearing a collateral challenge by plaintiff found in contempt by a state court for refusing to comply with subpoenas). As explained above, Petitioner can seek deferment of confinement while the Convening Authority considers the military judge's findings and sentence and while other review options are pursued. Further, even assuming the Convening Authority ultimately approves the sentence and/or the contempt finding, the proper course of action is for Petitioner to seek relief before the higher courts that Congress has designated as the proper forums to address military commission issues: the United States Court of Military Commission Review and the Court of Appeals. *See* 10 U.S.C. §§ 950f; 950g. By vesting jurisdiction in these courts, Congress has expressed its view that this Court is not the proper forum for Petitioner to seek review of military commission decisions. *Cf. Telecommunications*

*Research & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . ., a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted).

    For these reasons, the petition for habeas corpus should be denied.

Dated: November 3, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JENNIFER R. RICKETTS
Director
Federal Programs Branch

/S/ Andrew I. Warden
TERRY M. HENRY
ANDREW I. WARDEN
Attorneys
United States Department of Justice
Civil Division Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 616-5084
Fax: (202) 616-8470
E-mail: Andrew.Warden@usdoj.gov