IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIGADIER GENERAL JOHN G. BAKER, | ) | |
|     UNITED STATES MARINE CORPS, | ) | |
| | ) | CIVIL ACTION |
|                                 *Petitioner*, | ) | (HABEAS CORPUS) |
| | ) | |
| v. | ) | No. 17-CV-2311 (RCL) |
| | ) | |
| COLONEL VANCE SPATH, UNITED STATES | ) | |
|     AIR FORCE, | ) | |
|     In his Official Capacity, and | ) | |
| | ) | |
| JAMES MATTIS, SECRETARY OF DEFENSE, | ) | |
|     In his Official Capacity, | ) | |
| | ) | |
|                                 *Respondents*. | ) | |

**PETITIONER BRIGADIER GENERAL BAKER'S REPLY
TO RESPONDENTS' RESPONSE
TO PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION**

Under the guise of opposing Brig. General Baker's request for expedited consideration of his habeas petition, which was originally filed on November 2, 2017, and for which supplemental briefing was completed two weeks ago, the government yesterday filed what was effectively a sur-reply to the supplemental briefing. *See*, *e.g.*, Gov't Response, DE 20, at 1 (arguing jurisdiction); 2 (arguing mootness); 2 n.2 (arguing the contempt finding should not be treated as a criminal contempt); 3 (arguing Petitioner's collateral consequences argument is "meritless"); 5 (arguing Petitioner has failed to "support jurisdiction"); 7 (arguing there is no tangible manifestation of prejudice); 8 (arguing jurisdiction). Brig. General Baker need not respond to every argument raised by the government, as most of these arguments have already been fully briefed. Instead, Brig. General Baker files this short reply with respect to a couple of the new assertions made by the government in its response.

Specifically, even if continuing collateral consequences were not presumed (which they are, *see* Petitioner's Supplemental Brief, DE 11 at 9-10; Petitioner's Supplemental Reply, DE 17, at 15-16), the government is incorrect in contending that Brig. General Baker has failed to establish continuing collateral consequences.  Indeed, contrary to the government's contentions in its response, such collateral consequences are imminent.

I.     **Continuing Collateral Consequences from the Contempt Finding**

   A.     **The finding of contempt is, by definition, the adverse information provided to the Selection Board.**

The government argued in its response that Brig. General Baker's conduct on October 31, 2017, rather than Respondent Judge Spath's finding of contempt the following day, is the actual source of the collateral consequences cited by Brig. General Baker.  Gov't Response at 4-5.  In making this argument, the government missed the fundamental point that the regulation that governs the upcoming Staff Judge Advocate to the Commandant of the Marine Corps (SJA to CMC) selection board limits the term "Credible Information of an Adverse Nature" to "[a]ny *substantiated adverse finding or conclusion* from an officially documented investigation or inquiry, or other official record or report . . . ."  SECNAV Instruction 1401.4A, "CONSIDERATION OF CREDIBLE INFORMATION OF AN ADVERSE NATURE BY GENERAL AND FLAG OFFICER SELECTION BOARDS," ¶ 6 (14 February 2007) (emphasis added).[1]  Its plain meaning does not include statements made by Brig. General Baker during the October 31, 2017 proceeding, but rather can only apply to the contempt *finding* the following day.

The Adverse Information Summary that was served on Petitioner includes two sentences about the military commission proceedings on October 31 as part of a longer discussion of what

---

[1] *available at* https://doni.documentservices.dla.mil/Directives/01000%20Military%20Personnel%20Support/01-400%20Promotion%20and%20Advancement%20Programs/1401.4A.pdf.

led to the November 1 contempt finding. *See* Appendix R to Petitioner's reply brief. The two sentences do not constitute a "substantiated adverse finding or conclusion." SECNAV Instruction 1401.4A, ¶ 6. Rather, they are background to explain the November 1 contempt finding. Without the November 1 contempt finding, there is no substantiated adverse finding or conclusion. If this Court were to vacate the contempt finding, therefore, the Adverse Information Summary would be excluded from the promotion board *in toto*.

The government also argued that the transcripts of the October 31 and November 1 proceedings themselves constitute "Adverse Materials." Gov't Response at 4. That is wrong for two reasons. First, for the same reason noted above, the transcript is not a "substantiated adverse finding or conclusion" as that term is defined by SECNAV Instruction 1401.4A, ¶ 6. Second, as clearly stated by the Notification of Credible Information of an Adverse Nature to be Presented to the FY19 Staff Judge Advocate to the Commandant of the Marine Corps Selection Board, the transcript "will not be provided to the selection board." Appendix Q to Petitioner's Reply at ¶ 3.

      **B.**    **The adverse information is significant in the context of the Selection Board's consideration of Brig. General Baker.**

Finally, the government contended that given the other candidates, Brig. General Baker would be unlikely to be selected for promotion even absent the information of an adverse nature; therefore, the government deemed the contempt finding immaterial to the upcoming Selection Board process. The government failed to note, however, that Petitioner is the only brigadier general who will be considered for selection as Staff Judge Advocate to the Commandant of the Marine Corps (SJA to CMC), a major general billet.

Petitioner's opening supplemental brief, filed more than a month before the notice of the convening of the selection board was issued, referred to Petitioner as the senior officer eligible for promotion. Petitioner's Supplemental Brief at 14. As Petitioner noted in his reply

supplemental brief, the Marine Administrative Message (MARADMIN), issued on January 4, 2018, referred to Petitioner by his permanent grade, thus characterizing him as the junior officer above zone rather than the senior eligible officer.  *See* MARADMIN 008/18, ¶ 3.a (Appendix P to Petitioner's Reply Brief).  In its response, the government called attention to this characterization, but neglected the significant fact that Petitioner is the only individual in the primary zone who is serving in the grade of brigadier general – a substantial consideration when selecting an officer who will serve in the grade of major general.  *See* Gov't Response at 7-8.  According to the government, "BGen Baker is one of a number of candidates participating in a process that will result in the appointment of only one Staff Judge Advocate to the Commandant of the Marine Corps."  Gov't Response at 8.  In fact, Petitioner is the one general officer being considered for selection as the one SJA to CMC.  Given this, the adverse finding can hardly be deemed, as the government contends, as inconsequential.

## CONCLUSION

The information of an adverse nature is a direct result of the contempt finding by Judge Spath.  Absent a ruling from this Court that the contempt finding is not supported by applicable law, the information of an adverse nature will imminently result in Brig. General Baker suffering collateral consequences from the contempt finding.  Thus, even if continuing adverse consequences were not presumed – which, as fully explained in Petitioner's prior briefing, they are  the pending habeas petition would not be moot.  Accordingly, Brig. General Baker respectfully requests the Court to rule on his habeas petition as expeditiously as possible.

Respectfully Submitted:

/s/
Barry J. Pollack (D.C. Bar #434513)
Addy R. Schmitt (D.C. Bar #489094)
MILLER & CHEVALIER CHARTERED
900 16th Street, N.W.
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: bpollack@milchev.com
       aschmitt@milchev.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of January 2018, a true and genuine copy of the Petitioner Brigadier General Baker's Reply to Respondents' Response to Petitioner's Motion for Expedited Consideration was sent via electronic mail by the Court's CM/ECF system to the following:

>Andrew I. Warden
>U.S. Department of Justice
>Federal Programs Branch
>Andrew.warden@usdoj.gov
>
>Michael Hendry Baer
>U.S. Department of Justice
>Federal Programs Branch
>Michael.h.baer@usdoj.gov
>
>Terry Marcus Henry
>U.S. Department of Justice
>Federal Programs Branch
>Terry.henry@usdoj.gov

>_____/s/_____
>Barry J. Pollack